IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| JACKIE WILSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| GEORGE DETELLA, LUTHER | ) | |
| MANNING, CLARENCE WRIGHT, | ) | 97 C 7833 |
| SHELLY HORNE, CHRISTOPHER | ) | |
| LITHEL, ANDRE MILES, ROBERT | ) | |
| GRIFFIN, VERNON JAMES, SCOTT | ) | |
| CARTER, WALTER BROWN, | ) | |
| STEPHEN WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' Motion to Enforce Settlement Agreement. Defendants request that this Court enforce the oral settlement agreement reached with plaintiff Jackie Wilson in open court and dismiss this case with prejudice. For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.

## FACTS

This case arose from a complaint filed by plaintiff on November 7, 1997. The *pro se* plaintiff, a state prisoner, sued defendants pursuant to 42 U.S.C. § 1983 for violating his constitutional rights. Plaintiff claims that defendants, officers at the Stateville Correctional Center, "violated the plaintiff's constitutional rights by using excessive force against him and by acting with deliberate indifference to his medical needs." *Wilson v. DeTella*, No. 97 C 7833, 1999 WL 1000502, at *1 (N.D. Ill. Nov. 1, 1999). In particular, plaintiff claims that "the

defendants repeatedly maced and assaulted him for no reason, then delayed access to needed medical care." *Id.* On November 1, 1999, the Honorable Wayne R. Andersen dismissed plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6): (a) as to any conditions claim, (b) as to George DeTella, who was terminated as a defendant, and (c) insofar as the defendants are sued in their official capacities. *Id.* at *7. Plaintiff was allowed to proceed against the remaining defendants only in their individual capacities and only as to his excessive force and medical claims. *Id.*

On November 20, 2002, a jury trial was to begin in this case. However, the parties reached a settlement agreement in open court. The oral settlement agreement provided for the following six terms:

1. **Monetary payment.** The Department of Corrections ("Department") agrees to put $200.00 into Wilson's trust fund account. (11/20/02 Tr. at 3, lines 17-18.)

2. **Purchase of audio-visual equipment.** The Department agrees to allow Wilson to purchase from any outside vendor audio-visual equipment, a cassette player, that will meet their security criteria, namely that it is clear and plastic. (*Id.* at 3, lines 19-25.)

3. **Audio-visual restrictions.** The Department agrees to lift Wilson's audio-visual restrictions so he has the ability to use the equipment as soon as it is delivered. (*Id.* at 3-4, lines 1-3, 25.)

4. **Attorney's fees.** Parties agree to waive attorney's fees. (*Id.* at 4, lines 4-5.)

5. **Non-disclosure of settlement.** Wilson agrees not to disclose the terms of the settlement agreement to other inmates. (*Id.* at 4, lines 5-7.)

6. **Non-disclosure of prior discipline.** The parties agree to not disclose any prior discipline of Luther Manning. This was already the subject of a protective order and pertained to

the non-disclosure of the details to plaintiff. (*Id.* at 4, lines 7-18.)

The terms of the oral settlement agreement were incorporated by reference into the Court's Order entered on November 22, 2002 and the Court retained jurisdiction to enforce the terms of the settlement agreement. (Minute Order of 11/22/02.) The jury trial was terminated and the complaint was dismissed with prejudice. (*Id.*)

Plaintiff claims that defendants have refused to honor the terms of the oral settlement agreement that was made in open court on November 20, 2002. On December 24, 2003, plaintiff, although represented by counsel, filed *pro se* motions to enforce the settlement agreement (Pl.'s Mot. Enforce Settlement Agreement at 1) and to reopen this case and set a date for trial (Pl.'s Mot. Reopen Case at 1). The Court took plaintiff's motions under advisement while recognizing that the motions were inconsistent as to the relief sought - enforcement of the settlement agreement versus rescission and reinstatement of the case. (Min. Order of 1/5/04.)

On January 28, 2004, defendants responded to plaintiff's self-titled motions to enforce judgment and reopen the case. (Defs.' Resp. Pl.'s Mot. Enforce J. & Reopen Case at 1.) Defendants contend that the settlement agreement was sent from the Office of the Illinois Attorney General to plaintiff's attorney for execution. (*Id.*) Defendants argue that the settlement documents were never returned to the Office of the Attorney General for processing, and therefore defendants were unable to begin the procedure for honoring the terms of the settlement. (*Id.* at 1-2.)

Defendants then filed the instant motion to enforce the oral settlement agreement reached. (Defs.' Mot. Enforce Settlement Agreement at 1.) In their motion, defendants assert in pertinent part that: (1) a settlement agreement was reached by the parties on November 20, 2002, and the terms were agreed to and stated on the record in open court, (2) the terms of the

3

settlement agreement were not time sensitive; and (3) the actual settlement agreement was never signed by plaintiff and accordingly, no signed agreement was received by counsel for defendants.

## DISCUSSION

"A motion to enforce a settlement agreement is essentially the same as a motion to enforce a contract." *Allstate Fin. Corp. v. Util. Trailer of Ill., Inc.*, 936 F. Supp. 525, 528 (N.D. Ill. 1996); *see Hyde Park Union Church v. Curry*, 942 F. Supp. 360, 363 (N.D. Ill. 1996) (stating that a contract analysis must occur to determine whether a contract to settle was formed); *Schaap v. Executive Indus., Inc.*, 760 F. Supp. 725, 726 (N.D. Ill. 1991) (stating that a court must find the traditional elements of a contract before it will enforce a settlement agreement). Because a settlement agreement is a contract, state contract law governs its construction and enforcement. *Laserage Tech. Corp. v. Laserage Labs. Inc.*, 972 F.2d 799, 802 (7th Cir. 1992); *see Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000); *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999).

Oral settlement agreements made in open court and on the record are enforceable by a district court. *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995); *Hyde Park Union Church*, 942 F. Supp. at 363. Illinois law provides that an oral settlement agreement is enforceable as long as the record clearly shows an offer, acceptance and mutual assent or meeting of the minds as to the terms of the agreement. *Wilson*, 46 F.3d at 666. Notably, "oral agreements are enforceable even if the terms have not yet been reduced to writing." *Hyde Park Union Church*, 942 F. Supp. at 363. The oral agreement is still enforceable even if the parties to an oral settlement agreement anticipate a formal written document and one is never created or finalized. *Dawson v. Gen.*

4

*Motors Corp.*, 977 F.2d 369, 374 (7th Cir. 1992). However, "[w]here the reduction of an agreement to writing and its formal execution is objectively intended by the parties as a condition precedent to its completion, there can be no contract until then, even if the actual terms have been agreed upon." *Trendmasters, Inc. v. Walgreen Co.*, No. 95 C 5379, 1996 WL 422273, at *2 (N.D. Ill. July 24, 1996).

Illinois law holds that "a binding agreement requires a meeting of the minds or mutual assent as to all material terms." *Abbott Labs.*, 164 F.3d at 387; *see Hyde Park*, 942 F. Supp. at 363 (stating that district courts may enforce settlement agreements only if the parties have reached agreement on all material terms) (citation omitted). Thus, "[a] contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Acad. Chi. Publishers v. Cheever*, 578 N.E.2d 981, 984 (Ill. 1991).

Several factors affect whether a court will enforce an oral settlement agreement. First, there can be no issue of fact as to whether an agreement was reached. *DeBose v. Mueller*, 552 F. Supp. 307, 308 (N.D. Ill. 1982). Second, the oral agreement is not enforceable if the parties conditioned it on their acceptance of a written agreement. *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 862 (7th Cir. 1986). Finally, all necessary elements of an enforceable contract must be present. *Wilson*, 46 F.3d at 666. Each factor will be discussed below.

### A. Was an Agreement Reached?

Defendants argue that this case was settled on the terms announced and agreed to in open court. (Defs.' Mot. Enforce Settlement Agreement at 1.) Plaintiff, in response, asserts that two years have passed since the parties entered into this purported settlement agreement and the

5

defendants have done nothing to meet their obligations. (Pl.'s Resp. Opp'n Defs.' Mot. Enforce Settlement Agreement at 1.) Thus, plaintiff argues that he has lost any benefit he would have enjoyed from the settlement agreement. (*Id.* at 2.) In short, plaintiff no longer accepts the terms of the settlement agreement and wants the court to reopen the case. (*Id.* at 4.)

The Court has the power to enforce an oral settlement agreement, unless there is a material dispute as to whether an agreement was reached. *DeBose*, 552 F. Supp. at 307. However, when a settlement agreement is reached in open court, then it is not an issue as to whether an agreement was reached because the court is fully aware of the terms of the agreement and whether the parties agreed to them. See *Herron v. City of Chi.*, 618 F. Supp. 1405, 1407, 1409 (N.D. Ill. 1985) (explaining that the parties agreed to the settlement agreement and it was "understood by the Court (which participated in settlement discussions) to be a final and complete resolution of the entire case.")

Here, the record clearly shows that a settlement agreement was reached between the parties on November 20, 2002 in open court. (11/20/02 Tr. at 7, lines 2-5.) The following is an excerpt of the agreement reached in open court in pertinent part:

> **MS. ABDEL-KHALIK** (attorney for plaintiff): The terms of the settlement are that the Department will put $200 into [plaintiff's] trust fund account and will allow him to purchase from any outside vendor audio visual equipment, a cassette player, that will meet their security criteria, namely, as we understand it, that it's clear.
>
> **MS. MARSALEK** (attorney for defendants): And plastic.
>
> **MS. ABDEL-KHALIK**: And plastic. We will be helping [plaintiff] find the audio-visual equipment to meet that criteria. And would also have a lifting of his audio-visual restrictions so [plaintiff] would have the ability to use that equipment as soon as it's delivered.
>
> **MS. MARSALEK**: And, Judge, the other terms would be that there would be a waiver of attorney's fees and also there would be a nondisclosure settlement

agreement from Mr. Wilson to other inmates, and there would also be a nondisclosure of any prior discipline of Luther Manning.

**MS. ABDEL-KHALIK**: The last term already being the subject of a protective order in front of this court.

**THE COURT**: Nondisclosure agreement, and what was the last part, nondisclosure of what?

**MS. MARSALEK**: The prior discipline of Luther Manning.

**THE COURT**: What does that mean, nondisclosure?

**MS. ABDEL-KHALIK**: He is not to know about it. We have only mentioned that there are some, we haven't given him any details, and there will be no disclosure of that.

**THE COURT**: Does the defense agree to this?

**MS. MARSALEK**: Yes.

**THE COURT**: Mr. Wilson.

**MR. WILSON**: Yes, your Honor.

**THE COURT**: Did you hear the terms of the settlement?

**MR. WILSON**: I'm not too particularly fond of them, but yes, I'll agree to it.

**THE COURT**: Okay. You agree to those terms?

**MR. WILSON**: Yes.

**THE COURT**: You understand that by saying so that means they're binding, that's it, it's the end of the lawsuit?

**MR. WILSON**: Understood.

(11/20/02 Tr. at 7.)

Accordingly, having reviewed the parties' statements in open court, the Court finds that the parties reached a settlement agreement on November 20, 2002 when the terms of the settlement agreement were announced and agreed to in open court.

## B. Was the Settlement Agreement Conditioned on a Writing?

An oral settlement agreement may be enforced by district courts. *Taylor*, 793 F.2d at 862. However, an oral agreement may not be enforced if the parties expressly agreed that there would be a writing before the settlement could be deemed final. *Id.* (citing *Lambert Corp. v. Evans*, 575 F.2d 132 (7th Cir. 1978)).

At the hearing on November 20, 2002, there was no discussion regarding whether the settlement document needed to be signed prior to defendants' performance of their obligations under the settlement agreement. Because there was no such discussion, the Court holds that there was no agreement as to this purported term, and defendants' argument that they were waiting for Wilson's signature in order to perform their obligations under the settlement agreement is unavailing. There was no need for plaintiff to sign any written settlement agreement because the parties never made that a condition to the enforcement of the oral settlement agreement reached in open court. Accordingly, the Court concludes that the parties did not make a written and signed settlement agreement a condition precedent to an enforceable agreement.

## C. Whether an Enforceable Agreement Was Reached

Defendants contend that this case was settled on the terms announced and agreed to in open court. (Defs.' Mot. Enforce Settlement Agreement at 1.) Plaintiff argues there was no meeting of the minds and therefore the settlement agreement is unenforceable. (Pl.'s Resp. Opp'n Defs.' Mot. Enforce Settlement Agreement at 3.) Plaintiff asserts that defendants' conduct and admission in their motion demonstrate that they did not believe timely performance of the settlement agreement was a material term. (*Id.*) Plaintiff contends that timely

8

performance was an implied material term of the settlement agreement and was under the belief that performance by defendants would take place within reasonable time after November 20, 2002. (*Id.*)

It is well settled in Illinois that where a contract does not specify a time for performance, a reasonable time for performance is implied. *Nelson v. Sotheby's, Inc.*, 128 F. Supp. 2d 1172, 1176 (N.D. Ill. 2001). A reasonable time for performance is a matter of proof under the circumstances and conditions of each particular case. *J.J. Brown Co., Inc. v. J.L. Simmons Co., Inc.*, 118 N.E.2d 781, 784-85 (Ill. App. Ct. 1954). When we look to the circumstances surrounding the settlement agreement reached in open court on November 20, 2002, the parties were silent as to when performance would take place. Thus, a reasonable time for performance is implied here.

Plaintiff argues that there was no meeting of the minds as to timely performance because defendants admitted that performance is not required within a reasonable amount of time. (Pl.'s Resp. Opp'n Defs.' Mot. Enforce Settlement Agreement at 3.) Defendants stated in their own motion that they "disagree with plaintiff's assertion that the terms of the settlement agreement were time sensitive in any way, but that is of no import." (Defs.' Mot. Enforce Settlement Agreement at 2.) Plaintiff also argues that there was no meeting of minds because defendants never complied with the terms of the oral settlement agreement, and therefore, this is evidence that defendants did not believe timely performance was an implied term of the agreement which is contrary to plaintiff's belief. (Pl.'s Resp. Opp'n Defs.' Mot. Enforce Settlement Agreement at 3-4.) Plaintiff is correct that reasonable time for performance is an implied term here. However, plaintiff's argument that there was no meeting of the minds is incorrect because it only relies on defendants' conduct after an agreement was reached. *M.T. Bonk Co. v. Milton Bradley Co.*, 945

F.2d 1404, 1407 (7th Cir. 1991) (explaining that the court will enforce an oral contract if the parties have a meeting of the minds regarding the terms of the agreement and intend to be bound by the oral agreement). Whether a meeting of the minds occurred is judged at the time of the alleged agreement, not weeks or months later. *See Martin v. State Farm Mut. Auto. Ins. Co.*, 808 N.E.2d 47, 55 (Ill. App. Ct. 2004).

Defendants' objective conduct at the time the parties reached an oral settlement agreement in open court demonstrates that they believed timely performance was an implied term of the settlement agreement. Apparently, plaintiff was under audio-visual restrictions that were scheduled to remain in effect until February 2003. (Joint Comparison Oral & Written Settlement Agreement at 3.) Based on the oral settlement agreement, defendants agreed to lift plaintiff's audio-visual restrictions so plaintiff would have the ability to use the equipment as soon as it was delivered. (11/20/02 Tr. at 3-4, lines 1-3, 25.) Given the temporal limitation of plaintiff's audio-visual restriction and defendants' agreement to place $200.00 in plaintiff's account to enable him to purchase clear plastic cassette player and defendants' agreement to lift the restriction when such equipment was delivered to plaintiff, it seems clear that the parties agreed that performance would occur before February 2003.

### D.    Defendant Breached an Enforceable Settlement Agreement

Defendants have had more than two years to honor the terms of the oral settlement agreement, but to date, they have failed to do so. Defendants maintain that they are ready, willing, and able to perform the terms of the oral settlement agreement as soon as plaintiff signs the written settlement agreement. (Defs.' Reply Pl.'s Resp. Opp'n Defs.' Mot. Enforce Settlement Agreement at 2.) As discussed above, defendants failed to make a signed, written

settlement agreement a condition precedent to the enforcement of the oral settlement agreement. Thus, the oral settlement agreement was enforceable as soon as it was reached in open court. *Taylor*, 793 F.2d at 862.

Defendants' nonperformance of their obligations has resulted in plaintiff being robbed of the essential benefits of the oral settlement agreement. Accordingly, the Court finds that the defendants are in direct breach of the oral settlement agreement.

## CONCLUSION

For the foregoing reasons, this Court denies defendants' Motion to Enforce Settlement Agreement [doc. no. 151]. Defendants breached the enforceable oral settlement agreement entered in open court on November 20, 2002. Parties shall be prepared to discuss a trial date at the next status hearing.

**SO ORDERED.**                ENTERED: 8/18/05

*[signature]*

**HON. RONALD A. GUZMAN**
**United States Judge**